IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUSTICE I. ALLAH, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:12-CV-255-WHA |
| ) | [WO] |
| MAC SIMS BUTLER DETENTION ) | |
| FACILITY, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate in the custody of the Montgomery County Detention Facility in Montgomery, Alabama. He filed this *pro se* 42 U.S.C. § 1983 action on March 12, 2012 complaining that Defendants are violating his right to due process, free speech, and freedom of religion. The complaint is filed against Wanda Robinson, Food Service, Ms. Henry, Officer Henry, Captain Christburg, Corporal Collins, and the Mac Sims Butler Detention Facility. Plaintiff seeks injunctive relief. Doc. No. 1.

Upon review of the complaint, the court concludes that dismissal of the complaint prior to service of process is appropriate in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**I. DISCUSSION**

Plaintiff was booked into the Montgomery County Detention Facility on January 21, 2012. He complains that his Bible and legal material were taken from him at that time. He further alleges that he has been denied a vegetarian diet. Doc. No. 1.

*A. Vegetarian Diet Claim²*

Plaintiff is vegetarian. He requested a vegetarian diet via an inmate request form which advised jail staff that he does not eat meat. Jail personnel responded to Plaintiff's request informing him that at intake he told an officer that he did not eat pork and was told that the detention facility is a pork-free institution. Plaintiff requests that he be provided with a vegetarian diet. Doc. No. 1 & Attachs.

A prison official has a duty under the Eight Amendment to "ensure that inmates receive adequate food, clothing, shelter and medical care." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). Prison food need only be "reasonably adequate" to pass constitutional muster. *Hamm v. DeKalb Cnty.,* 774 F.2d 1567, 1575 (11th Cir. 1985). "A well-balanced

---

² A pretrial detainee's "constitutional rights arise not from the Eighth Amendment, but from the Due Process Clause of the Fourteenth Amendment." *Hale v. Tallapoosa Cnty.,* 50 F.3d 1579, 1582 n.4 (11th Cir. 1995). Whether Plaintiff is considered a pretrial detainee or a convicted prisoner, however, makes no difference in the court's analysis of his due process claim because "the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001). Analysis of Plaintiff's due process/diet claim, therefore, refers only to the Eighth Amendment. *See, e.g., Purcell v. Toombs Cnty.,* 400 F.3d 1313, 1318, n.13 (11th Cir. 2005).

meal, containing sufficient nutritional value to preserve health, is all that is required." *Smith v. Sullivan,* 553 F.2d 373, 380 (5th Cir. 1977). Food that is adequate but unpleasant is sufficient. *Hamm,* 774 F.2d at 1567.

In order to demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834. The objective component requires an inmate to prove that he was denied the "minimal civilized measure of life's necessities." *Id*. The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" only "extreme deprivations" will make out a conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 828, 834, & 837.

Plaintiff's complaint fails to demonstrate that a vegetarian being served a non-vegetarian tray is so serious as to deprive him of a basic need or deny him the "minimal civilized measure of life's necessities." While it is clear that Plaintiff would prefer a vegetarian diet, the facility's failure to accommodate this preference, without more,

constitutes merely a discomfort, and not the type of extreme deprivation that can be described as cruel and unusual punishment. Plaintiff affirms that his desire for a vegetarian diet is not due to a health-related condition which makes a vegetarian diet necessary nor has he presented any evidence that he is otherwise being injured as a result of the food he is being served. Although it clearly is not to Plaintiff's liking, serving him a non-vegetarian meal tray, under the circumstances presented, is not so extreme to rise to a constitutional violation. Accordingly, Plaintiff's claim that Defendants have failed to accommodate his request for a vegetarian diet is due to be dismissed. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

### B. Religion Claim

Plaintiff purchased a King James Bible while confined at another detention facility. He complains that while being booked into the jail he was not given his Bible. Plaintiff states, however, that the jail gives out free ones (a new international version). Doc. No. 1.

Inmates have a constitutional right to the free exercise of religion. *See Johnson v. Avery*, 393 U.S. 483, 486 (1969). The court is mindful, however, that "central to all other corrections goals is the institutional consideration of internal security within the corrections facilities themselves." *Pell v. Procunier*, 417 U.S. 817, 823 (1974). In determining whether prison rules and regulations pass constitutional muster, courts apply a lesser standard of scrutiny when reviewing alleged violations of protected rights out of deference to the complexities of prison administration with which federal courts are not adept at dealing. *See*

4

*Turner v. Safley*, 482 U.S. 78, 81 (1987).  Under *Turner*, [federal] action by prison officials that infringes upon a prisoner's First Amendment rights is valid if it is reasonably related to legitimate penological interests.  *Id.* at 89.

While the reason Plaintiff's Bible was retained at booking is not apparent from the complaint, Plaintiff fails to allege that this deprivation is not reasonably related to the prison's legitimate penological interests nor has he alleged that he was not provided with or permitted to have a copy of the one provided by the jail.  Without any allegation or indication that he was denied a copy of the Bible provided by the detention facility or other opportunities to participate in religious observances of his faith, he fails to demonstrate that the jail's present retention of his personal Bible deprived him of his constitutional right to practice his religion.  *See O'Lone v. Shabazz*, 482 U.S. 342, 351 (1987).  In this case, Plaintiff neither alleges, much less shows, that he was denied access to another bible or other opportunities to practice his religion.  The absence of relevant allegations precludes the court from finding a plausible First Amendment claim, and it is, therefore, due to be dismissed. *See Iqbal v. Ashcrof*, ___ U.S. ____.  129 S.Ct. 1937, 1949 (2009); 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.  Access to Courts Claim

Plaintiff complains that Defendants took his legal material when he was booked into the county detention facility.  He further asserts that he requires time in the library to prepare

Case 2:12-cv-00255-WHA-WC   Document 4   Filed 03/27/12   Page 6 of 10

his case and that Officer Henry is not a certified librarian or paralegal and does not provide inmates with library/legal assistance. Doc. No. 1.

To the extent Plaintiff complains that Defendants have denied him access to the courts, he is entitled to no relief. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable but only where the inmate is able to demonstrate actual injury from such deprivation. *Id*. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 353. Rather, the *Lewis* Court concluded that the *Bounds* decision stood essentially for the proposition that inmates are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355. Additionally, the Court found that "[b]ecause *Bounds* did not create an abstract, free-standing right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id*. at 353; *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) ("prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim); *O'Dell v.*

6

his case and that Officer Henry is not a certified librarian or paralegal and does not provide inmates with library/legal assistance. Doc. No. 1.

To the extent Plaintiff complains that Defendants have denied him access to the courts, he is entitled to no relief. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable but only where the inmate is able to demonstrate actual injury from such deprivation. *Id*. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 353. Rather, the *Lewis* Court concluded that the *Bounds* decision stood essentially for the proposition that inmates are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355. Additionally, the Court found that "[b]ecause *Bounds* did not create an abstract, free-standing right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id*. at 353; *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) ("prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim); *O'Dell v.*

*Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) (inmate must demonstrate that inability to gain access to legal materials resulted in "actual injury" to his "capacity of bringing contemplated challenges to sentences or conditions of confinement before the courts").

Here, Plaintiff has not established a viable claim that he has been denied access to the courts based on his claim that he has been denied access to unspecified legal papers or persons adequately trained in library science or the law in order to engage in research. He has not shown that Defendants engaged in conduct that so hindered his efforts to pursue a non-frivolous legal claim to such a degree that he experienced adverse consequences or an <u>actual</u> injury from the alleged deprivation. *Lewis*, 518 U.S. at 349. Because Plaintiff's allegation fails to articulate any "actual injury" accruing to him, this claim is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. 319.

### D. Due Process Claim

To the extent Plaintiff complains that Defendants' improperly confiscated his Bible, legal papers, and medical records, the court finds that under no set of facts is he entitled to relief.

> If the [Plaintiff's property] was not returned because of [Defendants'] negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation). If [Defendants] intentionally refused to return the [property], plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an 'unauthorized intentional

> deprivation of property by a state employee does not constitute a violation of the Due Process Clause . . . if a meaningful post-deprivation remedy for the loss is available.' 104 S.Ct. at 3202, 82 L.Ed.2d at 407. It is essential to [the instant] complaint that it allege that [Defendants] acted without authorization. If [Defendants] w[ere] acting pursuant to authorization, [their] actions would be within the outer perimeter of [their] duties and would not have violated any clearly established constitutional right and therefore [they] would be immune from suit. *See Scheuer v. Rhodes,* 416 U.S. 232, 247-48, 94 S.Ct. 1683, 1691-92, 40 L.Ed.2d 90 (1974); *Flinn v. Gordon,* 775 F.2d 1551, 1553 (11th Cir. 1985). Only if the complaint is construed as alleging that [Defendants] w[ere] acting in bad faith outside the scope of [their] duties can it evade the doctrine of official immunity.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986). *See also Holloway v. Walker*, 790 F.2d 1170, 1173-74 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortious conduct, as long as the state system as a whole provides due process of law); *Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996) ("the *Parratt* [*v. Taylor*, 451 U.S. 527 (1981)]/*Hudson* [*v. Palmer*, 468 U.S. 517 (1984)] doctrine protects the state from liability for failing to provide a pre-deprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers." The complainant bears the burden of establishing that the state's post-deprivation remedy is inadequate).

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Plaintiff to seek redress for the loss of his property. *Ala. Code* § 41-9-60 *et seq*. (1982). In light of this adequate state remedy, Plaintiff's allegation that Defendants violated his due process rights by improperly confiscating his personal property,

whether such was the result of negligence or an intentional act, lacks an arguable basis in the law and is, therefore, subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### E.  *Defendant Mac Sims Butler Detention Facility*

Plaintiff names the Mac Sims Butler Detention Facility as a defendant. The detention facility is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims against this defendant are due to be dismissed. *Id.*

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i-ii); and

2. The complaint be DISMISSED prior to service of process.

It is further

ORDERED that on or before **April 10, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 27th day of March, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE